JOURNAL ENTRY and OPINION
{¶ 1} The state appeals from a common pleas court order granting a motion to suppress evidence seized during a search of appellees' home pursuant to a warrant. The state urges that there was probable cause to support issuance of the warrant and that the officers executing the warrant relied upon it in good faith. We agree that the affidavit supplied by Detective Carney provided probable cause to supportssuance of the search warrant. Therefore, we reverse and remand for further proceedings.
 Procedural History {¶ 2} Appellees Shadi and Ala Banna and another co-defendant were charged in a nine-count indictment filed September 4, 2003. All three defendants were named in seven of the counts. Counts one, three and five charged them with drug trafficking with juvenile specifications. Counts two, four and six charged them with drug possession. Count seven charged them with possession of criminal tools. Appellee Shadi Banna was also accused in counts eight and nine of the indictment with two additional charges of drug trafficking with juvenile specifications.
 {¶ 3} At the prosecution's request, the court dismissed counts eight and nine with respect to appellee Shadi Banna, and counts five and six with respect to appellee Ala Banna.[1]
 {¶ 4} Appellees' counsel filed a motion to suppress evidence on January 28, 2005, asserting that evidence seized during a search of their home should be suppressed because the search warrant was executed more than three days after it was issued and because the affidavit submitted to the court to justify issuance of the warrant was insufficient to support a finding of probable cause. A supplemental motion to suppress was filed June 23, 2004. The court held a hearing on the motion on June 23, and on June 29, 2004 issued an order granting the motion to suppress.
 {¶ 5} At the hearing on the motion to suppress, the defense called detective David Carney, a narcotics officer with the Westlake Police Department. Detective Carney testified that he executed an affidavit which he submitted to a Cuyahoga County Common Pleas Court judge in support of his request for a search warrant. He also participated in the search of the premises.
 {¶ 6} The affidavit stated that detective Carney had reasonable cause to believe that marijuana and/or other controlled substances were located at 1434 Ridgewood Avenue in Lakewood, Ohio, based on the following facts:
 {¶ 7} "1. During the first week of June 2003, affiant met with a a confidential informant who is known to the Westlake Police Department. Said informant who is hereafter referred to as CI provided the following information.
 {¶ 8} "2. CI states that there currently exists a marihuana trafficking business at the above location which is operated by Shadi Banna. CI states that Shadi Banna lives on Ridgewood Ave. in Lakewood.
 {¶ 9} "3. Through his/her association and conversations with Shadi Banna CI knows the following: That Shadi Banna sells marihuana from his 1434 Ridgewood residence.
 {¶ 10} "4. Affiant's [sic] contacted Lakewood Police Narcotic Agents and learned that Shadi Banna is familiar to them from previous investigations.
 {¶ 11} "5. Police computer checks determined that Shadi Banna is currently residing at 1434 Ridgewood, Lakewood, Cuyahoga County, Ohio.
 {¶ 12} "6. Affiant contacted Lakewood Narcotics and Westshore Enforcement Bureau Agents and shared the above information. Surveillance was conducted by said agents who observed Shadi Banna on the above described premises and further observed pedestrian traffic entering said premises and leaving after a short stay.
 {¶ 13} "7. In Affiants [sic] training and experience this is indicative of drug trafficking at the above premises.
 {¶ 14} "8. Within the past 24 hours Affiant met with the CI for the purpose of making a controlled purchase of marihuana from Shaddi Banna at the above location. Acting on affiant's instructions, CI placed a call to 216-299-7120 at which time arrangements were made for the CI to purchase marihuana from Shadi Banna at the above premises.
 {¶ 15} "9. CI was searched and found free of drugs and money. CI was provided with a sum of money in US currency from which the serial numbers were recorded. Acting on instructions CI was kept in constant and unbroken surveillance as he/she went to the above premises. Within 10 minutes CI returned to a prearranged location and handed Affiant purported marihuana. CI was again searched and found free of any other money or drugs.
 {¶ 16} "10. Affiant tested the purported marihuana using the NIK field testing procedure with positive results for marihuana a schedule I controlled substance.
 {¶ 17} "11. The NIK field test is provided by the Westlake Police Department. And affiant has found it to be accurate when ultimately compared with full forensic laboratory analysis.
 {¶ 18} "12. Affiant avers that there is insufficient time for a full forensic analysis prior to effective execution of this search warrant.
 {¶ 19} "13. In the experience of the affiant, narcotic drugs are frequently carried or concealed on the persons of people who are present at locations where drugs are used or kept, or being sold and the size of useable quantities of drugs are small, making them easy to conceal on the person. It is also affiant's experience that drug houses will be occupied by numerous individuals. Some persons will be involved with the direct sales, some with the job of protecting the premises, some with preparing and packaging drugs and some with the collection of the monies generated from illegal activity. It is therefore necessary to search all persons in the premises.
 {¶ 20} "14. In the experience of affiant, persons who traffic in illegal drugs frequently keep weapons, such as firearms, on or about their person, or within their possession, for use against law enforcement officials as well as other citizens.
 {¶ 21} "15. Affiant avers that it is urgently necessary that the above premises be searched in the night season forthwith to prevent the above property from being concealed or removed so as not to be found, for the safety of the officers it is easier to approach the premises in the night season."
 {¶ 22} At the conclusion of the hearing on the motion to suppress, the court indicated that it was troubled by the affidavit's lack of indicia as to the reliability of the confidential informant. The court was further troubled by the lack of evidence in the affidavit to link the suspected of evidence in the affidavit to link the suspected drug sales on these premises to defendant Shadi Banna, either through surveillance or through the controlled purchase. Finally, the court found the affidavit was unintentionally misleading when it indicated that the confidential informant was kept under constant surveillance, because the affiant police officer did not personally observe the informant the entire time, but relied on other officers. The court concluded that the evidence in the affidavit was "equivocal," and did not establish probable cause.
 Law and Analysis {¶ 23} In reviewing the sufficiency of the evidence to support issuance of a search warrant, the reviewing court must ascertain whether there was a substantial basis for the issuing judge to conclude that probable cause existed. State v. George (1989), 45 Ohio St.3d 325, 329. "[A]fter-thefact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's `determination of probable cause should be paid great deference by reviewing courts.'Illinois v. Gates (1983), 462 U.S. 213, 236 (quoting Spinelli v. UnitedStates (1969), 393 U.S. 410, 419).
 {¶ 24} "[I]t is clear that `only the probability, and not a primafacie showing, of criminal activity is the standard of probable cause.'Spinelli, 393 U.S., at 419." Gates, 462 U.S. at 235(emphasis in original). Probable cause is measured under a totality of the circumstances test. This test totality of the circumstances test. This test was set forth in Gates, 462 U.S. at 238-39, as follows: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."
 {¶ 25} The affidavit contained ample evidence from which the issuing judge could find that there was a fair probability that contraband would be found at the subject premises. Reduced to its essentials, the affidavit here advised the court that: (1) a confidential informant told the affiant that Shadi Banna was selling marijuana from a home located at 1434 Ridgewood Drive in Lakewood, Ohio, (2) Lakewood police surveillance noted a number of short-term visitors to that home, which was indicative of drug trafficking, and (3) the confidential informant made a controlled purchase from the premises of a substance later determined to be marijuana. This evidence was enough to demonstrate to the issuing court that there was a fair probability that marijuana would be found at the premises.
 {¶ 26} Before both the trial court and this court, appellees argued that there was no evidence in the affidavit connecting Shadi Banna to the drug sales. While this argument might have been valid if the warrant sought was if the warrant sought was for Shadi Banna's arrest, evidence identifying the perpetrator of a crime is not necessary to justify a search of a location where evidence of a crime may be found. The warrant requested was for the search of the premises, not the seizure of appellee. Cf. Michigan v. Summers (1981), 452 U.S. 692. Therefore, it is irrelevant that the affidavit did not connect Shadi Banna to the drug sales.
 {¶ 27} Although there was no evidence in the affidavit to demonstrate the affiant's prior knowledge of the veracity of the confidential informant or the basis for his knowledge, the informant's statements were corroborated by the police surveillance and the controlled buy. This corroboration provided sufficient indicia of the reliability and veracity of the informant's statements. Illinois v. Gates, 462 U.S. at 242-46.
 {¶ 28} At the hearing on the motion to suppress, Detective Carney testified about the details of the controlled buy. He said that he searched the informant and his vehicle before the buy. The informant drove to the subject premises and back again. Detective Carney did not personally observe the informant as he approached the premises with the recorded currency and returned with the drugs, but the informant was under constant surveillance by a surveillance team, and Detective Carney was in continuous radio contact with the team. The affidavit presented to the judge who issued the warrant did not completely disclose this methodology. However, the variances do not affect the validity of the procedure the However, the variances do not affect the validity of the procedure the police employed for the controlled buy.
 {¶ 29} Appellees contend that the warrant is invalid because the affidavit contained deliberately false or misleading statements. InFranks v. Delaware (1978), 438 U.S. 154, the United States Supreme Court held that evidence seized pursuant to a warrant must be excluded if the defendant establishes, by a preponderance of the evidence, that the affidavit supporting the warrant contained intentionally or recklessly false statements, without which the affidavit would not support a finding of probable cause. Appellees here contend that the affiant implicitly vouched for the reliability of the confidential informant by stating that the informant was "known to the Westlake Police Department." They also assert that the affidavit implies that Shadi Banna was present at the time drug sales were made, and that arrangements were made for drug purchases from Shadi Banna, although the affiant could not actually verify that Shadi Banna was involved. As noted above, however, neither the affiant's prior knowledge of the reliability of the informant nor the identity of Shadi Banna as the seller were important to the finding of probable cause to issue a search warrant. Therefore, even if we could somehow conclude that these statements were deliberately or recklessly false or misleading, suppression would not be warranted.
 {¶ 30} Accordingly, we reverse and remand for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and McMonagle, J. Concur.
[1] At the hearing on the motion to suppress, the state asked the court to court to dismiss all charges against the third co-defendant, and to dismiss counts five and six and eight and nine in their entirety. The record before this court does not disclose the dismissal of the charges against the co-defendant. Furthermore, the court's judgment entry dismissed counts five and six with respect to Ala Banna only; there is no indication that those charges were dismissed with respect to Shadi Banna. dismissed with respect to Shadi Banna.